UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD. and SEOUL VIOSYS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FRY'S ELECTRONICS, INC. <br><br> Defendant. | Case No. 2:18-cv-00386-JRG |

## ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of [**Defendant's proposal**: 32] [**Plaintiffs' proposal**: 85] claims. Not later than 28 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of [**Defendant's proposal**: 60 references, or 40 references if Plaintiffs have narrowed the number of asserted patents to twelve or fewer] [**Plaintiffs' proposal**: a total of 85

references or specified combinations of references (*i.e.*, the total number of alleged anticipatory references and obviousness combinations)].[1]

3.  No later than [**Defendant's proposal**: 60] [**Plaintiffs' proposal**: 30] days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than [**Defendant's proposal**: 5] [**Plaintiffs' proposal**: 10] asserted claims per patent from among the ten previously identified claims and no more than a total of [**Defendant's proposal**: 16] [**Plaintiffs' proposal**: 85] claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of [**Defendant's proposal**: 40 references, or 20 references if Plaintiffs have narrowed the number of asserted patents to six or fewer] [**Plaintiffs' proposal**: a total of 85 references or specified combinations of references (*i.e.*, the total number of alleged anticipatory references and obviousness combinations)]. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4.  If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

*Modification of this Order*

5.  Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

**Defendant's Statement Regarding Disputed Provisions:**

Plaintiffs are currently asserting 19 patents and 139 asserted claims. This far exceeds the number of patents and claims Plaintiffs have asserted in any other case involving one or more of these patents. By asserting so many patents and claims, Plaintiffs have imposed substantial burden and expense on Defendant, a retailer that does not make any of the accused products. Although Plaintiffs have yet to make any settlement offer, or to disclose any specific computation of damages, Defendant believes the number of patents and claims currently asserted by Plaintiffs is excessive and unduly burdensome given the amount likely to be in dispute. Accordingly, Defendant respectfully requests that the Court enter an order focusing the asserted claims and prior art at issue in this case.

Defendant's proposed limits on the number of asserted claims and prior art references are consistent with the default limits set out in the Court's model order, increased only to the extent Plaintiffs choose to maintain an excessive number of asserted patents. If Plaintiffs narrow the number of asserted patents to twelve or fewer during their preliminary election and six or fewer during their final election, the limits on asserted claims and prior art references proposed by Defendant are identical to the default limits set forth in the Court's model order. Alternatively, if Plaintiffs choose not to narrow the number of asserted patents as proposed by Defendant, there is

---

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

good cause and precedent for setting a higher limit on the number of prior art references. *See, e.g.*, *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-cv-00135-JRG (E.D. Tex.), Dkt. 158 (allowing preliminary election of up to 60 prior art references and final election of at least 32 prior art references in a case involving 10 asserted patents).

**Plaintiffs' Statement Regarding Disputed Provisions:**

Plaintiffs initiated this lawsuit based on Defendant's infringement of nineteen of Plaintiffs' patents related to light emitting diode (LED) technology, with the accused products touching both Defendant's lighting and television products. After reverse engineering those products, Plaintiffs confirmed infringement of at least 139 claims across 19 patents. When Defendant requested that the set of asserted claims be narrowed, Plaintiffs dropped one of the asserted patents and agreed to narrow the claim set to no more than 90. During a further phone call, Plaintiffs agreed to identify a few additional claims that could be eliminated to reach a claim set of approximately 85. Plaintiffs, therefore, have worked in good faith to address Defendants' concerns based on the actual patents and claims at issue in this litigation.

With regard to Defendant's request, Plaintiffs note that the Court's model order requests that the parties "jointly submit any proposed modifications by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline of service of initial disclosures." *Model Order* n.1. Here, Defendant did not request the relief sought in this motion until after the initial disclosures were exchanged, after the parties had engaged in initial Infringement and Invalidity Contentions and a day before the initial deadline to exchange initial claim terms for construction. *See Second Amended Docket Control Order*. (Dkt. No. 30.) Defendant's delay, therefore, is directly related to the burdens of which Defendant complains.

Moreover, Defendant's argument is not related to the specific patents or claims at issue in

this lawsuit, but instead, presents a *per se* rule capping infringement allegations at 32 claims and later limiting the claim set to 16 prior to expert discovery. These numbers are both arbitrary and prejudicial. Judges have (and must have) broad discretion to manage their dockets. Plaintiffs respectfully assert that setting arbitrary limits untethered to the facts of a particular case, while not improper, is far too blunt a tool to address the alleged harm. *MicroUnity Sys. Eng'g, Inc. v. Apple Inc.*, No. 2:10-CV-91-LED0RSP, 2012 WL 7151280, at * (E.D. Tex. June 7, 2012) (holding that "assigning an arbitrary limit on the number of asserted claims or deciding which claims are duplicative is not the way to get there at this stage of the case [before claim construction and discovery]."); *RealTime Data, LLC v. Packteer, Inc.* No. 6:08cv144, 2009 WL 10667516, at *3 (E.D. Tex. March 16, 2009) ("To arbitrarily limit the number of claims that Plaintiff may assert at this point—long before discovery has closed—will result in prejudice to Plaintiff. Further, such a limitation so close to the *Markman* hearing will not help the parties, nor the Court, prepare for the upcoming hearing. Thus, the Court finds it inappropriate to grant Defendants' Motion at this time.").

In addition, as Defendant is aware, Plaintiff has made significant accommodations to ensure that Defendant would be able to complete its Preliminary Invalidity Contentions. In particular, Plaintiffs twice agree to extend Defendant's deadline to disclose additional prior art and complete claim charts. The parties are currently discussing a third supplementation provided by Defendant just last week, long after the original deadline to which Plaintiffs have objected in part. Again, the record shows litigants attempting to work fairly with each other, a prospect that Plaintiffs believe will continue as discovery progresses. That said, Plaintiffs believe the current state of discovery and in particular the timing and state of the Preliminary Invalidity Contentions renders a limit on claim terms at this stage premature. *See Certusview Techs., LLC v. S & N*

*Locating Servs., LLC*, Civ. No. 2:13-cv-346, 2014 WL 12603095, at *2 (E.D. Va. Mar. 19, 2014).

  Defendant's asymmetrical treatment of asserted claims and prior art reference/combinations also supports rejecting its proposal. In each instance, Defendant insists on maintaining a far larger set of prior art references and combinations than asserted claims. And here again, Defendant fails to explain how those figures relate in any way to the case at hand, rather than comprising arbitrary limits picked at random. In contrast, Plaintiffs' proposal treats the limits as reciprocal, ensuring fairness to the parties.

  Finally, Plaintiffs assert that other procedural options, including parallel lawsuits with each under the same limit proposed by Defendant, would exacerbate rather than limit the alleged harm. Here, a ready solution to Defendant's allegation would be to separate the case into separate disputes related to televisions and lighting, but no measurable decrease in burden on Defendant would result. Indeed, the imposition of such a procedural remedy at this stage would result in unwinding the combined work already completed in this case. Instead, Plaintiffs propose that the parties continue to work together in good faith to ensure that the relevant rights and burdens of the parties are both protected and considered.